# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CASE NO. 12-691 (JAF)

[33] JOEL PAGAN-RIVERA,
Defendant.



**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(B) FRCP)

TO THE HONORABLE COURT:



COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Ruíz, Assistant United States Attorney, Chief, Criminal Division; Timothy Henwood, Assistant U.S. Attorney, Unit Chief, Narcotics Unit; Desiree Laborde-Sanfiorenzo, Assistant U.S. Attorney; defendant's counsel, Juan J. Hernandez Esq.; and defendant **[33] JOEL PAGAN-RIVERA** pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT ONE of the Indictment. Count One charges that beginning on a date unknown, but no later than in or about August 2007, and continuing up to and until the return of the instant Indictment, in the Municipality of Ponce, District of Puerto Rico and within the jurisdiction of this Court, defendant **[33] JOEL PAGAN-RIVERA** and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the

USA v. [33] JOEL PAGAN-RIVERA Criminal No.12-691 (JAF)
Plea Agreement
Page 2

United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority. All in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860.



2.    **MAXIMUM PENALTIES**

The penalty for the offense charged in COUNT ONE of the Indictment is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, United States Code, §§ 841(b)(1)(A), 846, and 860.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least five hundred (500) grams but less than two (2) kilograms of cocaine, the defendant faces a minimum sentence of five (5) years of imprisonment and a maximum term of imprisonment of eighty (80) years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of not less than eight (8) years in addition to any term of incarceration, pursuant to Title 21, United States Code, §§ 841(b)(1)(B), 846, and 860.

3.    **APPLICABILITY OF SENTENCING GUIDELINES**

Defendant acknowledges that the Court may impose a sentence in accordance with the

<u>USA v. [33] JOEL PAGAN-RIVERA</u> Criminal No.12-691 (JAF)
Plea Agreement
Page 3

applicable provision(s) of the Sentencing Guidelines, Title 18 <u>United States Code</u>, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.

4.  **SPECIAL MONETARY ASSESSMENT**

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

5.  **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the <u>Sentencing Guidelines Manual</u>, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

6.  **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the <u>Guidelines Policy Statements, Application, and Background Notes</u>). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware

USA v. [33] JOEL PAGAN-RIVERA Criminal No.12-691 (JAF)
Plea Agreement
Page 4

that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. **SENTENCING GUIDELINES CALCULATIONS**

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. At 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| **COUNT ONE**<br>Title 21, U.S.C., § 846, 841 | |
| **BASE OFFENSE LEVEL [U.S.S.G. § 2D1.1(c)(7)]**<br>at least 500 grams but less than 2 kilograms of cocaine. | 26 |
| Protected Location [U.S.S.G. § 2D1.2(a)(1)] | +2 |
| Firearm [U.S.S.G. §2D1.1(b)(1)] | +2 |
| Timely Acceptance of Responsibility pursuant to [U.S.S.G. § 3E1.1] | -3 |
| **TOTAL OFFENSE LEVEL** | 27 |

USA v. [33] JOEL PAGAN-RIVERA Criminal No.12-691 (JAF)
Plea Agreement
Page 5

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| There is no stipulation as to defendant's Criminal History Category (CHC) | CHC I 70-78 months |

a. SENTENCE RECOMMENDATION: The parties agree to recommend to the Court that defendant be sentenced within a range of seventy (70) to seventy-eight (78) months of imprisonment, if he has a Criminal History Category of I. Defendant may request a sentence at the lower end of the applicable guideline range.

b. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY:

The parties do not stipulate as to any Criminal History Category for Defendant.

8. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree that no further adjustment or departures to the defendant's total offense level shall be sought by the parties.

9. WAIVER OF APPEAL

The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms, conditions and recommendations, defendant waives and surrenders his right to appeal the judgement and sentence in this case.

10. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with defendant's counsel, Juan J. Hernandez Esq., and indicates that counsel has rendered effective legal assistance.

USA v. [33] JOEL PAGAN-RIVERA Criminal No.12-691 (JAF)
Plea Agreement
Page 6

## 11. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.



c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would

USA v. [33] JOEL PAGAN-RIVERA Criminal No.12-691 (JAF)
Plea Agreement
Page 7

not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

    e.    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

12.    **DISMISSAL OF REMAINING COUNTS:**

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

13.    **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

14.    **LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

15.    **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

USA v. [33] JOEL PAGAN-RIVERA Criminal No.12-691 (JAF)
Plea Agreement
Page 8

### 16. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

### 17. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

### 18. BREACH AND WAIVER

The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.



USA v. [33] JOEL PAGAN-RIVERA Criminal No.12-691 (JAF)
Plea Agreement
Page 9

## RESPECTFULLY SUBMITTED.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
José Ruiz Santiago
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 3/7/13

_____
Timothy Henwood
Assistant U.S. Attorney
Unit Chief, Narcotics Unit
Dated: 3-7-13

_____
Juan J. Hernandez Esq.
Counsel for Defendant
Dated: 4/2/13

_____
JOEL PAGAN-RIVERA
Defendant
Dated: 2/4/2013

_____
Desiree Laborde-Sanfiorenzo
Assistant U.S. Attorney
Dated: 4/2/13

USA v. [33] JOEL PAGAN-RIVERA Criminal No.12-691 (JAF)
Plea Agreement
Page 10

    I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with your attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 2/4/2013

                                                JOEL PAGAN-RIVERA
                                                Defendant

    I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the Plea Agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 4/2/13

                                                Juan J. Hernandez Esq.
                                                Counsel for Defendant

USA v. [33] JOEL PAGAN-RIVERA Criminal No.12-691 (JAF)
Plea Agreement
Page 11

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying plea agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violations of Title 21, United States Code, Sections 841, 846, and 860. The following is a synopsis of the facts in this case:

Beginning on a date unknown, but no later than in or about August 2007, and continuing up to and until the return of the instant Indictment, in the Municipality of Ponce, District of Puerto Rico and within the jurisdiction of this Court, defendant **[33] JOEL PAGAN-RIVERA** and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860.




The object of the conspiracy was to distribute controlled substances at the Dr. Manuel De La Pila -Iglesias Public Housing Project in the Municipality of Ponce, Puerto Rico; all for significant

financial gain and profit. Defendant **[33] JOEL PAGAN-RIVERA** acted as a seller for the drug trafficking organization.

As a seller, defendant would distribute street quantity amounts of heroin, crack cocaine, cocaine, and/or marihuana. While multiple kilograms of heroin, cocaine, cocaine base, and marijuana were distributed during the conspiracy, for purposes of this plea agreement the defendant acknowledges that during the span of the conspiracy he possessed with intent to distribute at least at least five hundred (500) grams but less than two (2) kilograms of cocaine. Defendant admits the possession of a firearm.

At trial, the United States would have proven beyond a reasonable doubt that defendant **[33] JOEL PAGAN-RIVERA** is guilty as charged in COUNT ONE of the Indictment by presenting physical and documentary evidence, photographs, audio and video recordings, testimony of a forensic chemist as an expert witness as well as the testimony of law enforcement agents, among other testimonies.

Full discovery has been provided to the defendant.

_____
Desiree Laborde-Sanfiorenzo
Assistant U.S. Attorney
Dated: 4/2/13

_____
Juan J. Hernandez, Esq.
Counsel for Defendant
Dated: 4/2/13

_____
JOEL PAGAN-RIVERA
Defendant
Date: 2/4/2013