RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2024 JAN 2 AM 8:15

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOEL PAGAN-RIVERA,
    PETITIONER,
        v.                          CASE NO. 3:12CR691-JAP
UNITED STATES OF AMERICA,
    RESPONDENT.

MOTION FOR A SENTENCE REDUCTION PER 18 U.S.C. SEC. 3582(c)(2) UNDER U.S.S.C. AMENDMENT NO. 821

COMES NOW PETITIONER, JOEL PAGAN-RIVERA REG. NO. 40884-069 PRO-SE PURSUANT TO HAINES V. KERNER, 404 U.S. 519-520 (1972) BEFORE THIS HONORABLE COURT SEEKING A REDUCTION OF HIS SENTENCE PURSUANT TO 18 U.S.C. SEC. 3582(c)(2) UNDER U.S.S.C. AMENDMENT 821, RECENTLY ADOPTED BY THE UNITED STATES SENTENCING COMMISSION ("U.S.S.C."). THE AMENDMENT ALLOWS FOR A TWO-LEVEL REDUCTION FOR PETITIONERS WITH ZERO CRIMINAL HISTORY POINTS.

THE PETITIONER REQUEST THAT THE COURT CONSIDERS HIS POST-CONVICTION BEHAVIOR. SEE: <u>PEPPER V. UNITED STATES</u>, 562 U.S. 476 (2011) AND <u>CONCEPCION V. UNITED STATES</u>, 142 S.CT. 2389, 2396 (2022), AND RE-SENTENCE HIM TO THE LOWEST LEVEL PERMITTED WITHIN THE AMENDED GUIDELINE RANGE.

## I. BRIEF FACTUAL AND PROCEDURAL BACKGROUND.

1. PETITIONER WAS INDICTED AND ARRESTED ON SEPTEMBER 25, 2012 FOR VIOLATING 21 U.S.C. SEC. 846 AND SEC. 841(a)(1).

2. HE WAS CONVICTED AND SENTENCED TO 87 MONTHS ON JULY 3, 2013 OF INCARCERATION FOR THE ABOVE CHARGES.

3. HE QUALIFIES FOR A REDUCTION.

## II. DISCUSSION

### A. LEGAL STANDARD

ON MAY 1, 2023, THE U.S.S.C. ISSUED NEW POLICIES TO BECOME EFFECTIVE ON NOVEMBER 1, 2023, INCLUDING A NEW SECTION TO BE ADDED TO THE GUIDELINES MANUAL, KNOWN AS 4C1.1, ENTITLED "ADJUSTMENT FOR CERTAIN ZERO POINT OFFENDERS." THE ADDED GUIDELINE STATES, IF THE PETITIONER MEETS ALL OF THE FOLLOWING CRITERIA THE COURT MAY DECREASE THE OFFENSE LEVEL DETERMINED UNDER CHAPTERS TWO AND THREE BY 2 LEVELS:

(1). THE PETITIONER DID NOT RECEIVE ANY CRIMINAL HISTORY POINTS FROM CHAPTER FOUR, PART A;

(2). THE PETITIONER DID NOT RECEIVE ANY [TERROISM] ADJUSTMENTS UNDER 3A1.4;

(3). THE PETITIONER DID NOT USE VIOLENCE OR CREDIBLE THREATS OF VIOLENCE IN CONNECTION WITH THE OFFENSE;

-3-

(4). THE OFFENSE DID NOT RESULT IN DEATH OR SERIOUSLY BODILY INJURY;

(5). THE OFFENSE OF CONVICTION IS NOT A SEX OFFENSE;

(6). THE PETITIONER DID NOT PERSONALLY CAUSE SUBSTANTIAL FINANCIAL HARDSHIP;

(7). THE PETITIONER DID NOT POSSES, RECEIVE, PURCHASE, TRANSPORT, TRANSFER, SELL, OR OTHERWISE DISPOSE OF A FIREARM OR OTHER DANGEROUS WEAPON (OR INDUCE ANOTHER PARTICIPANT TO DO SO) IN CONNECTION WITH THE OFFENSE;

(8). THE INSTANT OFFENSE OF CONVICTION IS NOT COVERED BY OFFENSES INVOLVING INDIVIDUAL RIGHTS (2H1.1);

(9). THE PETITIONER DID NOT RECEIVE AN ADJUSTMENT INVOLVING A HATE CRIME MOTIVATION OR VULNERABLE VICTIM (3A1.1) OR SERIOUS HUMAN RIGHTS OFFENSE (3A1.5); AND

— 4 —

(10). The Petitioner did not receive an adjustment involving an aggravating role (3B1.1) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. Sec. 848.

In the event the Petitioner is not excluded, "The court shall determine the amended guideline range that would have been applicable to the [Petitioner] if the amendment to the guideline... had been in effect at the time the [Petitioner] was sentenced." U.S.S.G. Sec. 1B1.10(b)(1).

The commentary to the policy statement allows that the "court may consider post-sentencing conduct (e.g. Pepper and Concepcion) in determining whether a reduction is warranted, and the extent of such a reduction, but only within the limits [of the amended guideline range]." U.S.S.G. Sec. 1B1.10 Commentary (1)(B)(iii).

## B. RETROACTIVITY

The Commission has issued a restriction on the timing of any reduction for those who have been sentenced prior to November 1, 2023. "The court shall not order a reduced term of imprisonment based on [Amendment] 821 unless the effective date of the court's order is February 1, 2024 or later." U.S.S.G. SEC 1B1.10(e)(2).

Therefore should this motion be filed prior to February 1, 2024, the Petitioner asks that this be held in abeyance until after the date of retroactivity.

## C. PETITIONER'S ARGUMENT

The U.S.S.C. has outlined the eligibility requirements in the new Sec. 4C1.1 as written above. The Petitioner meets all of the criteria for the reduction and avers that the Honorable Court grant him a sentence reduction.

-6-

THE COURT ORIGINALLY IMPOSED A SENTENCE OF 87 MONTHS, BASED ON AN OFFENSE LEVEL OF 29 AND A CRIMINAL HISTORY OF 0. IF THE COURT GRANTS THIS MOTION, MY AMENDED RANGE WOULD BE 70-87 MONTHS. A SENTENCE OF 70 MONTHS WOULD SERVE TO REDUCE THE PETITIONER'S SENTENCE.

THE PETITIONER ASKS THAT THE COURT CONSIDER HIS POST-SENTENCING CONDUCT PER SEC. 3553(a). HE HAS PURSUED PROGRAMMING TO A GREATER DEGREE THAN ANY OTHER SIMILARLY SITUATED INMATE, AND HAS BEEN FREE FROM DISCIPLINARY ACTIONS.

THE SENTENCING COMMISSION'S RECIDIVISM STUDIES HAVE SHOWN THAT OFFENDERS WITH ZERO CRIMINAL HISTORY POINTS ARE 49% LESS LIKELY TO BE RE-ARRESTED FOLLOWING THEIR RELEASE THAN OTHER FEDERAL OFFENDERS. PLEASE CONSIDER THESE STATISTICAL FACTS.

## III. CONCLUSION

THEREFORE, BASED ON THE ABOVE FACTS, AND STATUTES, THE PETITIONER ASKS THAT THIS HONORABLE COURT REDUCE HIS SENTENCE TO 70 MONTHS. THE PETITIONER BELIEVES HE WILL BE A POSITIVE INFLUENCE, ONCE RELEASED TO HIS FAMILY, AND COMMUNITY.

RESPECTFULLY SUBMITTED

*Joel Pagan Rin*
JOEL PAGAN - RIVERA
REG. NO. 40884-069         DATE: 12-23-23
FCI - FT. DIX / CAMP
P.O. BOX 2000
JOINT BASE MDL., NJ 08640

## IV. CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES THAT PURSUANT TO 28 U.S.C. SEC. 1746, A TRUE COPY OF THIS MOTION PER 18 U.S.C. SEC. 3582(c)(2) WAS PLACED INTO THE MAILING SYSTEM OF FCI-FT. DIX/CAMP ON THE DATE SHOWN BELOW, USING FIRST CLASS, U.S. MAIL, PRE-PAID TO:

1. CLERK, U.S. DISTRICT COURT
   150 CARLOS CHARDON AVENUE
   ROOM 150
   SAN JUAN, PR 00918

2. OFFICE OF U.S. ATTORNEY
   UNITED STATES COURTHOUSE
   150 CARLOS CHARDON AVENUE
   SAN JUAN, PR 00918

DATE MAILED: 12-23-23

RESPECTFULLY SUBMITTED,

*Joel Pagan* (signature)
JOEL PAGAN-RIVERA
REG. NO. 40884-069